# STATE OF MICHIGAN

# COURT OF APPEALS

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

      Plaintiff-Appellee,

v

ESTATE OF ANDREW D. STORMZAND, by
ERIC STORMZAND, Personal Representative,

      Defendant,

and

DANIEL BAIRD,

      Defendant-Appellant.

UNPUBLISHED
April 26, 2016

No. 325326
Kent Circuit Court
LC No. 2013-008222-CK

Before: SAAD, P.J., and BORRELLO and GADOLA, JJ.

PER CURIAM.

Defendant Daniel Baird appeals the judgment in favor of plaintiff Farm Bureau General Insurance Company of Michigan ("Farm Bureau"). For the reasons provided below, we affirm.

This Court reviews a trial court's ruling in a declaratory judgment action de novo. *Taylor v Blue Cross/Blue Shield of Mich*, 205 Mich App 644, 649; 517 NW2d 864 (1994). However, this Court will not reverse the trial court's findings of fact unless they are clearly erroneous. *Id*. "Findings are clearly erroneous when, although there is evidence to support them, the reviewing court on the entire record is left with a definite and firm conviction that a mistake was made." *CD Barnes Assoc, Inc v Star Heaven, LLC*, 300 Mich App 389, 425; 834 NW2d 878 (2013). Also, the interpretation of an insurance contract and whether an ambiguity exists are questions of law that are reviewed de novo. *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 47; 664 NW2d 776 (2003).

Here, Andrew Stormzand was a sole proprietor of Stormzand Asphalt Maintenance ("SAM") and had a business insurance policy with Farm Bureau. The named insured on the policy was "Stormzand Andrew D dba Stormzand Asphalt Maintenance." In relevant part, the policy provided,

-1-

Each of the following is an Insured under this insurance to the extent set forth below:

1. if you are designated in the Declarations as an individual, the person so designated, *but only with respect to the conduct of a business of which he/she is a sole proprietor*, and your spouse with respect to the conduct of such a business. [Emphasis added.]

The key phrase to this appeal is "but only with respect to the conduct of a business of which he/she is a sole proprietor."

Andrew owned an off-road vehicle (ORV) called a Rhino, which he used for both business and personal purposes. Andrew listed the Rhino as a business asset for tax purposes and used the Rhino for paving jobs at least twice. But he also used the Rhino at home for hunting and yard work, and there was evidence that his family occasionally used the Rhino for other recreational purposes. Also, Andrew stored the Rhino at his home year-round, while he kept the other business equipment at his home in the winter only.

On June 23, 2012, Andrew's son Nicholas attended a recreational event at the Muskegon Motorcycle Club. With Andrew's permission, Nicholas borrowed the Rhino to use at the event. While driving the Rhino, Nicholas was involved in an accident, and one of his passengers, Baird, was severely injured. Baird filed a negligence suit against Nicholas, Andrew, and SAM, alleging, among other things, that Andrew and SAM were liable for the negligent entrustment of the Rhino. The issue on appeal is whether Andrew's action in lending the Rhino to Nicholas was the "with respect to the conduct of a business of which he was the sole proprietor" such that he was insured under the policy.

To resolve this dispute, we must examine the terms of Farm Bureau's insurance policy and determine whether Andrew's conduct in lending the Rhino was insured as business conduct under the terms of the contract.

First, an insurance contract must be enforced in accordance with its terms. A court must not hold an insurance company liable for a risk that it did not assume. Second, a court should not create ambiguity in an insurance policy where the terms of the contract are clear and precise. Thus, the terms of a contract must be enforced as written where there is no ambiguity. [*Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 354; 596 NW2d 190 (1999).]

To determine the intent of the parties, a court must first ascertain whether the policy provides coverage to the insured. *Hunt v Drielick*, 496 Mich 366, 373; 852 NW2d 562 (2014). Then, it must determine "whether that coverage is negated by an exclusion." *Id*. "While it is the insured's burden to establish that his claim falls within the terms of the policy, the insurer should bear the burden of proving an absence of coverage." *Id*. (quotation marks and citations omitted).

Under the plain terms of the policy, Andrew was insured "only with respect to the conduct of a business of which he was a sole proprietor." The policy does not define "conduct" or "conduct of a business." When a contract's term is undefined, "[c]ourts may consult

dictionary definitions to ascertain the plain and ordinary meaning." *Holland v Trinity Health Care Corp*, 287 Mich App 524, 527-528; 791 NW2d 724 (2010).

*Black's Law Dictionary* (10th ed) defines "conduct" to mean "[p]ersonal behavior, whether by action or inaction, verbal or nonverbal; the manner in which a person behaves; collectively, a person's deeds." *Merriam-Webster's Collegiate Dictionary* (11th ed) defines "conduct" to mean "the act, manner, or process of carrying on." Thus, under these definitions, "conduct" means behavior by action, deeds, "the act, manner, or process of carrying on." According to *Merriam-Webster's Collegiate Dictionary* (11th ed), the word "of" can be "used as a function word to indicate the cause, motive, or reason." Thus, to fall under the policy, Andrew's decision must have been an action, deed, or act "the cause, motive, or reason" of which was the business of SAM.

The trial court found that Andrew's action to allow Nicholas to use the Rhino was of a "singularly personal concern" and not related to the business. The court did not clearly err. Andrew agreed to allow Nicholas to use the Rhino because he believed the Rhino was safer than Nicholas's other ORVs. There is nothing on the record to support that Andrew lent the Rhino to Nicholas for anything other than personal purposes. Nicholas was not an employee of SAM, nor was the Rhino painted with any SAM advertisements. Moreover, there is nothing on the record to suggest that Andrew considered SAM or any related business interests in deciding to loan the Rhino. Instead, the record supports that Andrew's only purpose was a personal interest in his son's safety. Furthermore, while Andrew was the sole proprietor for his business, this fact does not mean that *every* decision he made was for the purpose of the business.

Therefore, because the trial court did not clearly err when it found that Andrew's act of loaning the Rhino was not "the conduct of a business," Farm Bureau has no duty to indemnify Andrew's estate for any liability.

Affirmed. Farm Bureau, as the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Henry William Saad
/s/ Stephen L. Borrello
/s/ Michael F. Gadola